**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL CASE NO. 09-03-DLB-CJS**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**v.**                          **REPORT AND RECOMMENDATION**

**GERALD LYNN SEIBERT, II**                                        **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

On August 31, 2017, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Defendant Gerald Lynn Seibert, II had violated conditions of his supervised release.[1]  Defendant was present in Court and represented by court-appointed counsel Dean Pisacano, and the Government was represented by Assistant United States Attorney Laura Voorhees.  U.S. Probation Officer Allison Biggs was also present for this proceeding.

Upon call of this matter at the August 31 Final Revocation Hearing, counsel informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to admit to the violations alleged in the June 20, 2017 Violation Report (R. 35).  In exchange, the Government agreed to recommend a term of incarceration of 18 months with no new term of supervision to follow.  Defendant did <u>not</u> waive his right to allocute or to appeal as part of this agreement.

---

[1] As will be further explained herein, Mr. Seibert was arrested and again appeared on October 30, 2017, for another reported violation of his supervision.

Upon consideration, the parties' agreement is an appropriate proposed disposition of this matter. Therefore, it will be recommended that Defendant's supervised release be revoked and that he be sentenced to an 18-month term of imprisonment with no supervision to follow.

## I.    Procedural Background

On March 20, 2009, Defendant appeared in U.S. District Court in Covington, Kentucky, before the Honorable David L. Bunning, U.S. District Judge, and pled guilty to being a felon in possession of a firearm. (*See* R. 17). On July 27, 2009, Judgment was entered (R. 23), Judge Bunning having sentenced Mr. Seibert to a total term of imprisonment of 84 months with a 3-year term of supervised release to follow.

On February 13, 2015, Defendant was released from prison to begin his 3-year term of supervision by U.S. Probation. (*See* R. 35). Defendant's conditions of supervision were subsequently modified on May 11, 2017, to provide Defendant complete 30 hours of community service by July 15, 2017, which sanction was ordered after Mr. Seibert admitted to associating with a convicted felon, Dawn Dixon, without the permission of U.S. Probation. (*See* R. 27).

On June 21, 2017, Officer Biggs petitioned for Defendant to appear before the Court and address alleged violations of his supervision. (R. 30). Summons was issued and Defendant initially appeared on June 28, 2017. (R. 33). The charged violations were presented to the Court via the Probation Officer's June 20, 2017, Violation Report. (R. 35). The violation charges were reviewed with Mr. Seibert, the potential penalties were explained, and a final revocation hearing was scheduled. (R. 33). As noted above, upon call of the case for the final revocation hearing, counsel informed the Court that the parties had reached an agreement: Mr. Seibert was prepared to admit to

the violations, and the parties agreed on a recommended sentence of 18 months of incarceration with no new term of supervision to follow. Mr. Seibert did not waive his right to allocute or to appeal.

At the final hearing, the undersigned reviewed with Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable Sentencing Guidelines range. The undersigned further explained that while a recommendation of an appropriate sanction will be made to the presiding District Judge, it is ultimately Judge Bunning's decision as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to admit to the alleged violations set forth in the June 20, 2017 Violation Report. Specifically, Mr. Seibert admitted under oath to the following violations of supervised release and the factual circumstances set forth below:

> **Violation No. 1:**    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. (Grade C violation)

A sweat patch applied to Defendant on June 2 and removed June 13, 2017, was reported by the laboratory as positive for cocaine. Defendant denied use of cocaine upon questioning by the Probation Office. At final hearing, he admitted that the United States could show by a preponderance of evidence that he used cocaine during this time period.

> **Violation No. 2:**    The defendant shall not commit another federal, state, or local crime. (Grade B violation)

Under Sixth Circuit precedent, Defendant's admitted use of cocaine also means that he was in possession of this controlled substance. *United States v. Crace,* 207 F.3d 833, 836 (6th Cir. 2000). Given Defendant's criminal history of prior drug convictions, his conduct of possessing cocaine violated federal law, 21 U.S.C. § 844(a).

**Violation No. 3:**    The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer. (Grade C violation)

Defendant on June 20, 2017, admitted to having continued social media and in person contact with Dawn Dixon, a convicted felon, and that this contact had not been approved by the Probation Office.

The undersigned is satisfied from the dialogue with Defendant at the August 31, 2017, Final Revocation Hearing that he understands the nature of the violations as charged, he has had ample opportunity to consult with counsel, and that he enters his admissions to the violation charges knowingly and voluntarily.

Upon conclusion of the August 31 Final Hearing, by agreement of the parties and the Probation Officer, Defendant was permitted to remain on supervised release pending final sentencing by District Judge Bunning. However, on October 25, 2017, Judge Bunning ordered an arrest warrant be issued for Defendant based on the Probation Officer's Petition that Defendant had continued to engage in conduct violative of his supervision. (*See* R. 43). Defendant was arrested and appeared before the undersigned on October 30, 2017. (*See* R. 46).

The Probation Officer's October 16, 2017 Addendum (R. 47) reported Mr. Seibert had continued to violate that condition of his supervision requiring he not associate with persons convicted of a felony without permission. Specifically, Officer Biggs reported that on October 10, 2017, the U.S. Marshals, after high speed car chase, had arrested Dawn Dixon on a state warrant. Ms. Dixon had wrecked the vehicle, injuring herself, and she was taken to a Cincinnati hospital. The Marshals reported to Probation Officer Biggs that Dixon had been operating Mr. Seibert's vehicle and that Seibert appeared at both the accident scene and at the hospital. (*See* R. 46; R. 47).

4

At his October 30, 2017 appearance following arrest, Defendant, by and through counsel, admitted he went to the scene and hospital and acknowledged he did not have permission of the Probation Office to have this contact with Dawn Dixon. Probation Officer Biggs also noted at this proceeding that when the U.S. Marshals attempted to arrest Mr. Seibert on the warrant for this further violation, he refused to answer the door, requiring the Marshals to force entry. The parties and Probation Officer agreed that this admitted Grade C violation be submitted for consideration by the undersigned in the Report and Recommendation to Judge Bunning along with the other violations to which Defendant had previously admitted. Defendant was then remanded to custody, pending entry of a final judgment as to his supervised release violations. (*See* R. 46).

Based on Defendant's August 31 and October 30 admissions to the violations discussed above, the undersigned finds and will recommend that the District Judge find that Mr. Seibert has violated the conditions of his supervised release as charged.

## II.    Sentencing

Defendant having admitted to violating his supervised release, the question of appropriate sanctions is presented. A term of supervision may be revoked after finding that a defendant has violated a condition of supervision. *See* 18 U.S.C. § 3583(e)(3). The Court is mindful of the need to impose a sanction that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a). *See id.* § 3583(e). In determining an appropriate sanction, the applicable Sentencing Guidelines policy statements, *see United States Sentencing Commission Guidelines Manual* Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a),[2] must be considered.

---

[2] In the specific context of supervised release proceedings, 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) of the statutory sentencing factors are to be considered. *See also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009).

5

Classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 2 years, his underlying offense being a Class C felony. *See* 18 U.S.C. § 3583(e)(3). Section 7B1.4(a) of the Sentencing Guidelines suggests a revocation range of imprisonment of 18 to 24 months, based upon Defendant's criminal history category of V and his highest supervised release violation being a Grade B violation. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed would be 3 years less any term of imprisonment for the current revocation. *See* 18 U.S.C. § 3583(h).

As explained above, the parties have agreed to a recommended sentence of 18 months of incarceration with no supervised release to follow. The undersigned agrees that under the circumstances presented, this recommended sanction is sufficient, but not greater than necessary, to comply with the applicable § 3553(a) factors imported into the § 3583(e) analysis. Probation Officer Biggs confirmed that the U.S. Probation Office is in agreement with the parties' recommended sanction. Because this is Defendant's first violation proceeding, and he has ultimately accepted responsibility for his conduct, the United States indicated a sentence at the low end of the guidelines is warranted. Defense counsel also pointed out that Mr. Seibert has already served a substantial period of his supervised release without incident, with the exception of a prior warning and community service sanction for the same conduct – associating with Dawn Dixon – that forms part of the violations here.

The undersigned agrees with the rationale offered by counsel at the August 31, 2017 Final Revocation Hearing. And, despite Defendant's further violation of his supervision on October 10

6

while he was permitted to remain on release, no additional term of incarceration will be recommended. A substantial term of incarceration is already being recommended for Defendant and that term remains appropriate, despite this further conduct. While not condoning Defendant's behavior of continuing to associate with Dixon and his uncooperative attitude with the U.S. Marshals upon apprehension, the additional violation is a Grade C violation. Also, as a result of this conduct, Defendant lost the privilege of being permitted to remain on release pending final sentencing.

In addition, with the imposition of an 18-month term of incarceration and with Defendant having already served approximately two and one-half years of his three-year term of supervision, the parties' recommendation of no supervision to follow is also appropriate. In summary, the undersigned accepts the parties' proposed term of incarceration with no new term of supervision to follow and will recommend same to Judge Bunning in this Report and Recommendation.

Finally, Defendant has requested that the Court recommend he be placed at Manchester, if possible. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but that a placement recommendation would be made on his behalf.

## III.    Conclusion and Recommendation

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and enters his admissions to the violations knowingly and voluntarily; and the undersigned having considered the entire record, the pertinent § 3553(a) factors, the advisory Sentencing Guidelines and applicable policy statements, and the presentations of counsel; accordingly,

**IT IS RECOMMENDED** as follows:

1.     Defendant **GERALD LYNN SEIBERT, II** be found to have **violated** the terms of his supervised release as set forth in the June 20, 2017 Violation Report (R. 35) and October 16, 2017 Addendum (R. 47);

2.     Defendant's supervised release be **revoked;**

3.     Defendant be sentenced to the custody of the Attorney General for a **term of incarceration of 18 months,** credit to be given for time served since his detention on the violation charges, **with no supervised release to follow;**

4.     Defendant's sentence, if possible, be served at FCI Manchester; and

5.     **If Defendant decides to waive his right to allocute before the presiding District Judge, he shall file a written waiver of allocution within fourteen (14) days of the filing of this Report and Recommendation.**

Specific objections to this Report and Recommendation must be filed within **fourteen (14) days** of the date of service or further appeal is waived.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); *Thomas v. Arn,* 728 F.2d 813, 815 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Signed this 18th day of December, 2017.



**Signed By:**

*Candace J. Smith*

**United States Magistrate Judge**

J:\DATA\S.R. violations R&R\09-03 Seibert R&R.wpd